**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| MICHAEL F. BAILEY, #273498, )<br>)<br>) CIVIL ACTION NO. 3:08–268-TLW-JRM<br>Petitioner, )<br>) **ORDER**<br>v. ) **AND**<br>) **REPORT AND RECOMMENDATION**<br>A.J. PADULA, )<br>)<br>Respondent. )<br>_____) | |

Petitioner, Michael F. Bailey ("Bailey"), is an inmate with the South Carolina Department of Corrections, serving thirty (30) years imprisonment for trafficking in cocaine. On January 23, 2008, Bailey filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on May 2, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on May 12, 2008. Bailey filed his response to Respondent's motion for summary judgment on May 19, 2008. Respondent filed a reply memorandum on May 30, 2008.

**Background and Procedural History**

Bailey was arrested on or about January 6, 1998, in Anderson County when he made a delivery of approximately fourteen (14) ounces of cocaine to a confidential informant. The case was called for trial on January 12, 1999. Bailey appeared for jury selection, but absconded before the trial began. He was tried in his absence and found guilty. He was represented at trial by William

1

Yarborough, Esquire. Bailey was arrested two (2) years later on a bench warrant. At that time he was in possession of illegal drugs and firearms. On March 12, 2001 the sealed sentence was opened and read to Bailey. He was represented by Gregory A. Newell, Esquire. Bailey's motion to reduce the sentence was denied.

Mr. Newell filed a "Notice of Appeal". (Res.Mem., Ex. 3). However, the South Carolina Court of Appeals dismissed the appeal on July 20, 2001 because the initial brief required under South Carolina appellate procedure was not filed. (App. 38). The Remittitur was returned on August 7, 2001. (App. 39).

Bailey filed an application for post-conviction relief ("PCR") on July 22, 2002. (Res.Mem., Ex. 4). An evidentiary hearing was held on April 19, 2005. (App. 1).[1] Bailey was represented by J. Faulkner Wilkes, Esquire. On June 8, 2005, the PCR court issued an order dismissing the application, but finding that Bailey was entitled to a belated direct appeal under White v. State, 263 S.C. 100, 208 S.E.2d 35 (1974). (Res.Mem., Ex. 6). Bailey's motion to alter or amend the judgment pursuant to rule 59, SCRCP (Res. Mem., Ex. 7) was denied. (Res.Mem., Ex. 9).

Mr. Wilkes then filed a petition for writ of certiorari on Bailey's behalf in the South Carolina Supreme Court. The petition raised the following claim:

> Petitioner Was Denied the Right to Direct Appeal by Ineffective Assistance of Appellate Counsel.

(Res.Mem., Ex. 10).

In connection with the petition for writ of certiorari, Mr. Wilkes submitted a brief pursuant to Rule 227(i), SCACR, raising the following direct appeal issue:

---

[1] Exhibit 1 to Respondent's memorandum is the appendix prepared in connection with the appeal following denial of Bailey's PCR application. IT is referred to herein as "App. ___".

> Where the Appellant was charged with trafficking based on a single incident of possession, did the admission of testimony that Appellant had been witnesses "drug dealer" for about a year constitute undue prejudice which requires reversal?

(Res.Mem., Ex. 11).

The South Carolina Supreme Court granted the petition for writ of certiorari, considered and rejected the issue raised for direct appeal. (Res.Mem., Ex. 14). The Remittitur was returned on February 8, 2007.

The petition in this case is dated January 18, 2008 and was received and filed by the Clerk of Court on January 24, 2008. The envelope in which the petition was sent to this Court shows that it was "Received" for mailing by the "LEECI Mail Room" on January 23, 2008. For the purpose of this Report and Recommendation, the undersigned considers the petition to have been filed on January 23, 2008.

## **Grounds for Relief**

In his present petition Bailey asserts that he is entitled to a writ of habeas corpus on the following grounds:[2]

**Ground One:**     Coerced Confession.

**Supporting Facts:**     I was told by Kelvin Marsee, the arresting officer if I cooperated and wrote a detailed statement he could guarantee myself and two other P.R. bonds.

---

[2]In his Roseboro response, Bailey added a fifth claim for relief. However, he simply adds two new arguments that his sentence was improperly enhanced to a third offense based on his conviction for possession of marijuana. Respondent filed a response objecting to any attempt to amend the petition. On August 14, 2008, Bailey filed a motion to amend his petition to include a claim that his trial counsel was ineffective for agreeing that Bailey's conviction was a third offense for sentencing purposes. Again his motion is based on the prior marijuana conviction. Bailey's motions to amend are **denied** as futile. These claims are procedurally barred and his petition is untimely.

3

**Ground Two:**         Denial of Effective Assistance of Counsel

**Supporting Facts:**   Counsel's failure to object where prosecutor misled the jury on the facts of case in relation to constructive possession of drug as they sat in bushes outside a professional park and as another person had actual possession. Counsel - Bill Yarborough

**Ground Three:**       Denial of Effective Assistance of Appellate Counsel

**Supporting Facts:**   My lawyer Gregory Newell fail to perfect my Direct Appeal which was later dismissed.

**Ground Four:**        Improper Inhancement (sic)

**Supporting Facts:**   My Trafficking charge was Inhanced(sic) to a Third offence(sic) from a Possession of Marijuana charge.

## Discussion

Respondent argues that Bailey's petition should be dismissed because it was not timely under the one year statute of limitations found in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[3] The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of

---

[3] Respondent has not fully brief Bailey's claims on their merits and seeks leave to file a supplemental brief should the Court find the petition was timely filed.

4

>    direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision

on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the doctrine does not apply. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse

v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Harris, 209 F.3d at 331.

Respondent asserts that Bailey's conviction became final on August 7, 2001, when the Court of Appeals returned the Remittitur after his direct appeal was dismissed on procedural grounds. If Respondent is correct the petition is clearly untimely. However, if Bailey's conviction did not become final until the end of collateral review (February 8, 2007), which included the belated direct appeal pursuant to State v. White, then it would appear that the petition was timely filed. In arguing that Bailey's conviction became final on the earlier date, Respondent distinguishes Frasch v. Pegueses, 414 F.3d 518 (4th Cir. 2005). Respondent argues that Frasch is inapplicable because South Carolina's procedure to grant a belated appeal is part of the PCR process and does not resurrect the direct appeal process.

The undersigned agrees that the mechanism used by Bailey to raise direct appeal issues was part of the PCR process. However, Frasch rejected the notion that "because Frasch used a collateral review proceeding to obtain the right to file his application for leave to appeal under a new deadline, the proceeding remained collateral when he filed and pursued the actual application." Frasch, 414 F.3d at 522. Instead, the Court focused on state law to determine what was "direct review" under 28 U.S.C. § 2241(d)(1)(A). The Court found that since two separate proceedings were involved under Maryland law involving separate types of review, the petitioner's belated appeal was direct review which resulted in restarting the statute of limitations. Id.

There are substantial differences in the Maryland and South Carolina procedures. There is no right to file a direct appeal after a guilty plea under Maryland law. Instead, a defendant must file an application for leave to appeal. This was not done by Frasch's attorney. Approximately ten years after his guilty plea, Frasch filed a petition for post-conviction review under the Maryland Uniform Post Conviction Procedure Act ("UPCA"). Frasch asserted, *inter alia*, neither his attorney nor the court advised him of his right to file an application for leave to appeal. The Maryland Circuit Court agreed and issued an order giving Frasch a limited time to file an application for leave to appeal. The Court's order did not address the other collateral claims raised by Frasch, but those claims were dismissed without prejudice to file a second UPCA petition after his direct appeal issues were resolved. Frasch's application for leave to appeal was denied by the Court of Special Appeals of Maryland.

Frasch responded by filing his second UPCA petition which was denied by the Maryland Circuit Court. His application for leave to appeal that decision was denied by the Court of Special Appeals of Maryland. Frasch then filed a petition for writ of habeas corpus in the District of Maryland. The district court dismissed the petition based on the AEDPA's statute of limitations. The Fourth Circuit reversed. In doing so, the court distinguished Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004),

> an opinion in which the Fifth Circuit held that a state court's consideration of a belated appeal did not constitute direct review because the defendant had obtained the right to file the appeal through state habeas (collateral) proceedings. We reject the Salinas approach because it ignores that two separate proceedings are involved. Here, the nature of the review conducted by the Maryland courts was different in each proceeding, and the nature of the review is the key to determining whether it was collateral or direct.

Frasch, 414 F.3d at 522.

There appears to be a substantial difference in the Maryland and South Carolina procedures. When the Maryland Circuit Court granted Frasch a new deadline to pursue a direct appeal, his UPCA action ended. Frasch had the opportunity to pursue his direct appeal issues, and if unsuccessful, he could later file another UPCA petition. On the other hand, a defendant convicted in South Carolina courts enjoys the absolute right to a direct appeal. If the appeal is not timely filed, the South Carolina appellate courts have no jurisdiction to allow a belated direct appeal. White v. South Carolina, 263 S.C. 110, 208 S.E.2d 35,39 (1974). The South Carolina Supreme Court clarified the procedure for seeking a belated appeal in Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986). This clarification eventually became a part of South Carolina Appellate Court "Rule 227. Certiorari to Review Post-Conviction Relief Actions." SCACR 227(i), "Special Procedures Where a White v. State Review Is Sought" states:

> Where the petition seeks review under White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974), the following procedure shall be followed:
>
> (1) When the post-conviction relief judge has affirmatively found that the right to a direct appeal was not knowingly and intelligently waived, the petition shall contain a question raising this issue along with all other post-conviction relief issues petitioner seeks to have reviewed. At the same time the petition is served, petitioner shall serve and file a brief addressing the direct appeal issues. This brief shall, to the extent possible, comply with the requirements of Rule 208(b). Respondent's return to the petition shall address the post-conviction relief issues, including whether the direct appeal was knowingly and intelligently waived. At the same time the return is due, respondent shall also serve and file a brief addressing the direct appeal issues. Within ten (10) days after service of respondent's brief, petitioner may file a reply brief on the direct appeal issues.
>
> (2) When the post-conviction relief judge has found that the applicant is not entitled to a White v. State review, the petition shall raise the question of waiver of the right to a direct appeal along with all other post-conviction relief issues petitioner seeks to have reviewed. The petition shall also contain a "Statement of Issues on Appeal" listing the issues to be raised if a White v. State review is granted; this statement of issues shall comply with the requirements of Rule 208(b)(1)(B). Briefing of the direct appeal issues will not be allowed unless certiorari is granted on the issue.

Thus under South Carolina procedures, slightly different procedures are used based upon the findings of the PCR Court, but both procedures are as a continuation of the PCR process. An applicant is not returned to his original position at which he has the absolute right to a direct appeal. Instead, he may only seek review of his direct appeal issues through the certiorari process which governs collateral review. His direct review issues are inextricably intertwined with collateral review. Therefore, the undersigned concludes that the South Carolina procedure does not constitute "direct review" which the Fourth Circuit found in Frasch, and which entitled Frasch to a new statute of limitations clock under 2241(d)(1)(A). Based on this conclusion, the undersigned finds that Bailey's conviction became final on January 4, 2000.

Bailey has not responded to Respondent's arguments that his petition is untimely or attempted to show that he entitled to equitable tolling.

## Conclusion

Based on a review of the record and the above analysis, the undersigned concludes that the present petition was not timely filed. It is therefore recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

January 15, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).