# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

MICHAEL F. BAILEY, #273498,   )
                              )
                              )   CIVIL ACTION NO. 3:08–268-TLW-JRM
             Petitioner,      )
                              )
v.                            )
                              )   **REPORT AND RECOMMENDATION**
A.J. PADULA,                  )
                              )
             Respondent.      )
_____)

Petitioner, Michael F. Bailey ("Bailey"), is an inmate with the South Carolina Department of Corrections, serving thirty (30) years imprisonment for trafficking in cocaine. On January 23, 2008, Bailey filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on May 2, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on May 12, 2008. Bailey filed his response to Respondent's motion for summary judgment on May 19, 2008. Respondent filed a reply memorandum on May 30, 2008.

The undersigned issued an Order and Report and Recommendation on January 15, 2009 recommending that the petition be dismissed for violation of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. The recommendation was rejected by the Court based on the holding of Jimenez v. Quarterman, ___ U.S. ___, 129 S.Ct. 681 (2009), and the case was remanded to the undersigned for further proceedings. An order was issued on February 19, 2009

1

directing Respondent to file a second return addressing Bailey's ground for relief on the merits. A "Second Motion for Summary Judgment" was filed on April 3, 2009, and another Roseboro order was issued. Bailey filed a response on May 15, 2009.

**Background and Procedural History**

Bailey was arrested on or about January 6, 1998, in Anderson County when he made a delivery of approximately fourteen (14) ounces of cocaine to a confidential informant. The case was called for trial on January 12, 1999. Bailey appeared for jury selection, but absconded before the trial began. He was tried in his absence and found guilty. He was represented at trial by William Yarborough, Esquire. Bailey was arrested two (2) years later on a bench warrant. At that time he was in possession of illegal drugs and firearms. On March 12, 2001 the sealed sentence was opened and read to Bailey. He was represented by Gregory A. Newell, Esquire. Bailey's motion to reduce the sentence was denied.

Mr. Newell filed a "Notice of Appeal". (Res.Mem., Ex. 3). However, the South Carolina Court of Appeals dismissed the appeal on July 20, 2001 because the initial brief required under South Carolina appellate procedure was not filed. (App. 38). The Remittitur was returned on August 7, 2001. (App. 39).

Bailey filed an application for post-conviction relief ("PCR") on July 22, 2002. (Res.Mem., Ex. 4). An evidentiary hearing was held on April 19, 2005. (App. 1).[1] Bailey was represented by J. Faulkner Wilkes, Esquire. On June 8, 2005, the PCR court issued an order dismissing the application, but finding that Bailey was entitled to a belated direct appeal under White v. State, 263

---

[1] Exhibit 1 to Respondent's memorandum is the appendix prepared in connection with the appeal following denial of Bailey's PCR application. IT is referred to herein as "App. ___".

S.C. 100, 208 S.E.2d 35 (1974). (Res.Mem., Ex. 6). Bailey's motion to alter or amend the judgment pursuant to rule 59, SCRCP (Res. Mem., Ex. 7) was denied. (Res.Mem., Ex. 9).

Mr. Wilkes then filed a petition for writ of certiorari on Bailey's behalf in the South Carolina Supreme Court. The petition raised the following claim:

> Petitioner Was Denied the Right to Direct Appeal by Ineffective Assistance of Appellate Counsel.

(Res.Mem., Ex. 10).

In connection with the petition for writ of certiorari, Mr. Wilkes submitted a brief pursuant to Rule 227(i), SCACR, raising the following direct appeal issue:

> Where the Appellant was charged with trafficking based on a single incident of possession, did the admission of testimony that Appellant had been witnesses "drug dealer" for about a year constitute undue prejudice which requires reversal?

(Res.Mem., Ex. 11).

The South Carolina Supreme Court granted the petition for writ of certiorari, considered and rejected the issue raised for direct appeal. (Res.Mem., Ex. 14). The Remittitur was returned on February 8, 2007.

## **Grounds for Relief**

In his present petition Bailey asserts that he is entitled to a writ of habeas corpus on the following grounds:[2]

---

[2]In his Roseboro response, Bailey added a fifth claim for relief. However, he simply adds two new arguments that his sentence was improperly enhanced to a third offense based on his conviction for possession of marijuana. Respondent filed a response objecting to any attempt to amend the petition. On August 14, 2008, Bailey filed a motion to amend his petition to include a claim that his trial counsel was ineffective for agreeing that Bailey's conviction was a third offense for sentencing purposes. Again his motion is based on the prior marijuana conviction. These motions were denied.

3

| | |
|---|---|
| **Ground One:** | Coerced Confession. |
| **Supporting Facts:** | I was told by Kelvin Marsee, the arresting officer if I cooperated and wrote a detailed statement he could guarantee myself and two other P.R. bonds. |
| **Ground Two:** | Denial of Effective Assistance of Counsel |
| **Supporting Facts:** | Counsel's failure to object where prosecutor misled the jury on the facts of case in relation to constructive possession of drug as they sat in bushes outside a professional park and as another person had actual possession. Counsel - Bill Yarborough |
| **Ground Three:** | Denial of Effective Assistance of Appellate Counsel |
| **Supporting Facts:** | My lawyer Gregory Newell fail to perfect my Direct Appeal which was later dismissed. |
| **Ground Four:** | Improper Inhancement (sic) |
| **Supporting Facts:** | My Trafficking charge was Inhanced(sic) to a Third offence(sic) from a Possession of Marijuana charge. |

## Discussion

### A. Standard of Review

Since Bailey filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

**B. Procedural Bar**

Respondent asserts that Ground 1, 2, and 4 are procedurally barred and should not be considered by this Court.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to

5

require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1. **Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state

6

courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). *See* S.C. Code Ann. § 17-27-10 *et seq*. A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[3] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

2. **Procedural Bypass[4]**

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his

---

[3]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

[4]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the

9

federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); *cert. denied*, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show

an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Ground 1 (coerced confession) has never been presented to the South Carolina appellate courts. Direct appeal, where such a ground should be raised, was dismissed for failure to follow state procedural rules. Bailey was granted a belated appeal through the PCR process pursuant to White v. State, *supra,* but this ground was not raised in that appeal. Further, this ground was not raised in the PCR process.

Ground 2 (ineffective assistance of trial counsel for failure to object to the State's theory of constructive possession) was not ruled on by the PCR Court.[5] The only issue raised in the PCR appeal was ineffective assistance of counsel for failing to file a direct appeal.

Ground 4 (improper enhancement of sentence) was raised at trial and could have been raised on direct appeal. However, as discussed above, the South Carolina appellate court applied a procedural bar to Bailey's direct appeal. The issue was not raised in the PCR appeal.

In response to the pending motion for summary judgment, Bailey attempts to establish cause and prejudice for failing to properly raise these claims by arguing that his PCR attorney was ineffective. This argument is without merit. *See* discussion above on "Excusing Default" and 28 U.S.C. § 2254(i).

Bailey also argues his "actual innocence." This argument is equally without merit. *See* discussion above on "Excusing Default" and Royal v. Taylor, *supra* (In order to use an actual innocence claim as a gateway to assert an otherwise defaulted claim, habeas petitioner must show that it is more likely than not that no juror would have convicted him in the light of new evidence, and petitioner must offer new reliable evidence that was not presented at trial). Bailey has not

---

[5]It is unclear if Bailey asserts that his attorney was ineffective for failing to argue a lack of evidence to constitute constructive possession of the drugs, or was ineffective for failing to object to the State's argument on constructive possession.

identified any new evidence not presented at trial that would indicate that no juror would find him guilty.

### C. Ineffective Assistance of Appellate Counsel

Mr. Newell represented Bailey at sentencing and filed a notice of direct appeal. However, the appeal was not perfected and was dismissed on procedural grounds. Bailey asserts that Mr. Newell was ineffective.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

\* \* \*

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

The right to effective assistance of counsel extends to direct appeal. Pennsylvania v. Finley, 481 U.S. 551 (1987). The Strickland standard is used to evaluate whether counsel was constitutionally deficient on direct appeal. Roe v. Flores-Ortega, 528 U.S. 4790 (2000). This issue was raised in Bailey's PCR and he was granted a belated appeal under South Carolina precedent. A brief was filed raising a direct appeal issue that was rejected by the South Carolina Supreme Court. Because Bailey was given a belated direct appeal, he cannot show that he was prejudiced by Mr. Newell's failure to perfect his original appeal.

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary

judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

August 31, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).